UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(West Palm Beach Division)

HAG, LLC., d/b/a Heart Attack Grill, LLC., an
Arizona corporation, and Jon Basso, an
individual
      Plaintiffs,
v.

CASE NO:
10-CV-80127-MARRA-JOHNSON

B & I Enterprises, LLC. d/b/a Heart Stoppers
a/k/a Heart Stoppers Sports Grill, a Florida
corporation and Ignazio Lena, an individual,
and Robert Kutnick, an individual
      Defendants.

_____/

**PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM**

Plaintiffs, HAG, LLC., d/b/a Heart Attack Grill and Jon Basso (hereinafter "HAG") hereby file this Motion to Dismiss, Defendants, B & I Enterprises, LLC. d/b/a Heart Stoppers a/k/a Heart Stoppers Sports Grill, and Defendant co-founders Ignazio Lena, and Robert Kutnick, (herein collectively "HEART STOPPERS") Counterclaim [DE 16] and state as follows:

HEART STOPPERS Counterclaim Count I and II for declaratory relief of non-infringement should be dismissed because, when read in conjunction with each other, these counts are confusing. Counterclaim Count III for unfair competition "under Florida law" should be dismissed because it is uncertain whether HEART STOPPERS seeks relief under common law or under Florida's Deceptive and Unfair Trade Practices Act Fla. Stat. 501.201 et seq. (herein "FDUTPA"). Counterclaim Count IV should be dismissed because HEART STOPPERS alleges interference with the general consuming public and does not identify specific customers or prospective customers.

A.     **COUNT I and COUNT II for Declaratory Relief**

In Counterclaim Count I (hereinafter "Count xx"), HEART STOPPERS seeks a judicial determination that it does not infringe HAG's trademarks due to the "operation of B&I restaurant" DE 16, p. 20-21, para. 33, 34.  Although Count I, if presented alone without Count II, may  provide adequate notice of HEART STOPPERS' counterclaim, when read in conjunction with Count II, both Counts I and II fail.

Count I appears simple – it seeks a judicial determination that HEART STOPPERS does not infringe HAG's trademarks due to the "operation of B&I restaurant."  Count II is solely directed to the HEART STOPPERS web site "www.TheHeartStopper.com" (herein the "accused website") and seeks a declaratory judgment that it does not infringe HAG's trademarks.  The confusion arises since the ONLY FUNCTION of accused web site is to advertise and market HEART STOPPERS restaurant services and food products.  Therefore, the accused web site is part and parcel of the "operation of B&I restaurant" recited in Count I. Dismissal or clarification of both Counts I and II is requested for the following three reasons.

**First**, the accused web site only advertises HEART STOPPERS restaurant services and food products and therefore is included in the "operation" of the HEART STOPPERS restaurant. Therefore, dismissal is proper because Count II is duplicative of Count I.

**Second**, the accused web site does not sell nor offer any goods or services beyond that sold in the HEART STOPPERS restaurant. The web site is informational and neither goods nor services are delivered by the web site. HEART STOPPERS seeks a declaration of non-infringement under the same Section 1114 as Count I.  Since the web site does not independently sell other goods or services, beyond those sold at Defendants' restaurant, it is just an advertising mechanism for

2

Defendants. Dismissal is proper because the accused web site does not sell any other goods or services beyond those covered by the declaratory action in Count I.  All actions under the Federal Trademark Act, 15 U.S.C. § 1114 require delivery of goods or services and no allegation is made in Count II that goods or services, other than the Count I restaurant services and food products, are delivered or sold on the accused web site.

**Third,** Count II is solely limited to the accused web site "www.TheHeartStopper.com" and specifically refers to Section 1114 of the Trademark Act or Lanham Act.  HAG's confusion over the scope of Count II declaratory judgment continues because the Lanham Act includes the Anticybersquatting Consumer Protection Act, 15 U.S.C. sec. 1125(d) ("ACPA").  HAG's complaint, in Count VI, alleges that HEART STOPPERS is violating the ACPA and is engaged in cybersquatting.  HAG's ACPA claim asserts that Defendants engage in the unauthorized registration and use of the domain www.TheHeartStopper.com in light of HEART ATTACK GRILL's federally registered trademark. Therefore, HEART STOPPERS Counterclaim Count II should be dismissed since it is unclear whether Defendants simply seek a declaration of non-infringement under straight trademark principles or whether Defendants seek declaratory relief under the ACPA.

**B.** **COUNT III Unfair Competition**

HEART STOPPERS' Count III  simply refers to "unfair competition under Florida law." [DE 16, p. 21].  HAG is unable to adequately respond to this count, since it is unclear whether HEART STOPPERS seeks relief under common law or under Florida's Deceptive and Unfair Trade Practices Act  Fla. Stat. 501.201 et seq. (herein "FDUTPA").  As noted below, the relief is different under common law as compared to an action under FDUTPA.  Further, HEART STOPPERS has not plead sufficient facts under either approach.

3

If Defendants seek relief under Florida **common law** unfair competition, then this Count must be dismissed since HEART STOPPERS has failed to allege that it is a prior user of a cognizable and protectable mark or that such mark has acquired secondary meaning.

> To prevail on a Florida common law unfair competition claim, a plaintiff must prove that (1) the plaintiff is the prior user of the trade name or service mark, (2) the trade name or service mark is arbitrary or suggestive or has acquired secondary meaning, (3) the defendant is using a confusingly similar trade name or service mark to indicate or identify similar services rendered (or similar goods marketed) by it in competition with plaintiff in the same trade area in which plaintiff has already established its trade name or service mark, and (4) as a result of the defendant's action or threatened action, consumer confusion as to the source or sponsorship of the defendant's good or services is likely.

Automobili Lamborghini SpA v. Lamboshop, Inc., 2008 U.S. Dist. LEXIS 65805 (M.D. Fla. June 5, 2008).

If however, HEART STOPPERS relies upon the concept that HAG is "harassing and interfering with B & I's business and its relations with its customers by sending threatening cease and desist letters" [DE 16, ¶42], then the Count also fails. "To a state a claim for unfair competition under Florida common law a party must plead (1) deceptive or fraudulent conduct of a competitor and (2) likelihood of consumer confusion." Third Party Verification, Inc. v. Signaturelink, Inc., 492 F. Supp. 2d 1314, 1324 (M.D. Fla. 2007). No such allegations are presented.

All of the above arguments are premised on the concept of Count III solely relies upon Florida common law unfair competition. If however, HEART STOPPERS seeks relief under FDUTPA, then its counterclaim fails for the same reasons. "To state a claim for Deceptive and Unfair Trade Practices under Florida law, a party must plead (1) a deceptive act or unfair practice, (2) causation, and (3) actual damages or aggrievement." Third Party Verification, Inc. v. Signaturelink, Inc., 492 F. Supp. 2d 1314, 1326 (M.D. Fla. 2007); see also Fitzpatrick v. General

Mills, Inc., 2010 U.S. Dist. LEXIS 6917 (S.D. Fla. 2010). Clearly, Count III fails to identify the above listed pleading requirements.

> "One of the primary enunciated purposes of [the] FDUTPA is to 'protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce.'" To that end, the FDUTPA specifically renders unlawful "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts." Fla Stat. ch. 501.204(1).

Hanson Hams, Inc. v. HBH Franchise Co., 2004 U.S. Dist. LEXIS 29636 (S.D. Fla. 2004)(citations omitted).

Count III fails to identify what conduct of HAG was deceptive or fraudulent and fails to identify that as a result of such conduct there was a likelihood of confusion. HAG is fearful of being sand bagged at trial regarding which legal standard HEART STOPPERS is moving under, and cannot adequately respond or defend against this Count.

Lastly and most importantly, an action under FDUTPA exposes HAG to attorneys fees whereas an action under Florida's common law does not. HAG has a right to clearly understand the scope, nature and exposure of HEART STOPPERS' Count III for unfair competition. Due to the defects noted above, Count III should be dismissed.

**C.    COUNT IV Tortious Interference**

To survive a motion to dismiss under Rule 12(b)(6), the asserted factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaints allegations are true. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although detailed factual allegations are not required, a plaintiff must provide the grounds of its entitlement to relief beyond mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Id.; see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Conclusory allegations are not entitled to the presumption of truth. See Iqbal, 129 S. Ct. at 1951;

5

Twombly, 550 U.S. at 555. Importantly, a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 129 S. Ct. at 1955. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Id. Where a complaint pleads facts that are merely consistent with a defendants liability, it stops short of the line between possibility and plausibility of entitlement to relief. Id. at 1949 (quoting Twombly, 550 U.S. at 557) (internal quotations and brackets omitted). See also Davis v. Coca-Cola Bottling Co. Consolidated, 516 F.3d 955, 974 n.43 (11th Cir. 2008) (noting the substantial change under Twombly and that the main Rule 8(a) standard now seems to be whether the allegations plausibly suggest and are not merely consistent with a violation of the law).

HEART STOPPERS has not plead the existence of a cognizable business relationship under which it has legal rights. To state a claim for tortious interference with advantageous business relations, a party must allege: (1) the existence of a business relationship under which the plaintiff has legal rights; (2) an intentional and unjustified interference with the relationship; and (3) damage to the plaintiff as a result of the tortious interference with that relationship. Nautica Intern., Inc. v. Intermarine USA, 5 F.Supp.2d 1333, 1344 (S.D.Fla.,1998)(citations omitted). Generally, an action for tortious interference with a business relationship requires a business relationship evidenced by an actual and identifiable understanding or agreement which in all probability would have been completed if the defendant had not interfered. Ethan Allen, Inc. v. Georgetown Manor, Inc., 647 So.2d 812, 815 (Fla.1994). As the Court in Ethan Allen explained, "a plaintiff may properly bring a cause of action alleging tortious interference with present or prospective customers, but no cause of action exists for tortious interference with a business's relationship to the community at large."

Id. at 815 (citations omitted); see also Ferguson Transp., Inc. v. North American Van Lines, Inc., 687 So.2d 821, (Fla.1996)(In order to establish the tort of tortious interference with a business relationship, the plaintiff must prove a business relationship with identifiable customers.).

Here, the "business relationship" predicating HEART STOPPERS claim is unidentifiable. HEART STOPPERS pleadings never identify present or prospective customers. Instead, HEART STOPPER claims that HAG has interfered with two separate news or media outlets. [DE 16, ¶ 28, 29]. Those news organizations are not protectable business relationships – they were simply reporting the news, a free speech event. HEART STOPPERS alleges no contractual rights nor "business" relationship with either news media entity.

HAG has a right and is entitled to contact a news organization about a newsworthy event (this lawsuit) which may run a story contrary to HAG's interest. This is a fundamental First Amendment right. As a matter of law, HEART STOPPERS cannot maintain an action for tortious interference without specifically alleging or identifying present or prospective customers.

**Conclusion**

Count I and II are duplicative, or in the alternative, Count II fails to identify an appropriate cause of action. Count III fails to identify which type of unfair competition Defendants allege that HAG engaged in. Count IV fails to identify any present or prospective customer which may be been affected by HAG's actions.

WHEREFORE, HAG requests that this Court dismiss HEART STOPPERS Counterclaim.

Dated:  March 5, 2010                                  Respectfully submitted,

By: /Robert Kain/

        Robert C. Kain, Jr.
        Florida Bar No. 266760
        RKain@ComplexIP.com
        Darren J. Spielman
        Florida Bar No. 0010868
        Dspielman@complexip.com
        Kain & Associates, Attorneys at Law, P.A.
        900 Southeast 3rd Avenue, Suite 205
        Fort Lauderdale, Florida 33316
        Telephone:    (954) 768-9002
        Facsimile:    (954) 768-0158

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Dated:   March 5 , 2010                Respectfully submitted,

                                                  By: / Robert Kain/
                                                  Robert C. Kain, Jr.
                                                  Florida Bar No. 266760

**Service List**

Eric Lee (Bar No. 961299)
Lee@leeamlaw.com
Lee & Amtzis, P.L.
5550 Glades Road, Suite 401
Boca Raton, FL 33431
Telephone: 561-981-9988
Facsimile: 561-981-9980
Counsel for HEART STOPPERS

G:\RCK\CLIENTS\Heart-Attack(HAG)\Heart-Attack-v-Heart-Stopper\plead-mot-dismiss-counterclaim-final.wpd